IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 5:20-CV-06063-DGK ) |
| SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS CORP., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR EXTENSION OF TIME**

This lawsuit arises from Plaintiffs' allegations that Defendants Smithfield Foods, Inc., and Smithfield Fresh Meats Corporation (collectively, "Smithfield") have failed to adequately protect workers at a Milan, Missouri, meat-processing plant (the "Milan Plant") during the coronavirus ("COVID-19") pandemic. Plaintiffs claim, *inter alia*, that Smithfield does not provide its workers adequate protective gear; does not allow employees breaks to cover their mouths when they cough or sneeze; refuses to allow workers to clean and sanitize their hands; and discourages its employees from taking days off even if they are exhibiting symptoms of COVID-19. Now before the Court is Smithfield's "Letter to the Court," which the Court construes as a motion for extension of time to respond to Plaintiffs' request for a temporary restraining order ("TRO") and/or a preliminary injunction (Doc. 15).

Smithfield requests this Court extend its deadline to respond to Plaintiffs' motion until May 4, 2020, because the United States Department of Labor Occupational Safety and Health Administration ("OSHA") has initiated an investigation into the Milan Plant. Smithfield must respond to OSHA's request for "comprehensive" information by Tuesday, April 28. Because of

the OSHA investigation, Smithfield alleges that it intends to file a motion to dismiss and/or stay this case pursuant to the primary-jurisdiction doctrine, and, if this Court grants that motion, no ruling will be required on Plaintiffs' motion for a TRO and/or preliminary injunction. Smithfield also seeks this extension "to investigate Plaintiffs' claims and prepare its response to Plaintiffs' 80+ page brief with exhibits." *Id*.

Plaintiffs' responded to Smithfield's request by asserting that the primary-jurisdiction is inapplicable to their state tort-law claims. They also claim that the information provided to OSHA will be substantially similar to the information necessary to respond to the TRO and/or preliminary injunction motion, and, thus, any extension only serves to unnecessarily delay Plaintiffs' much-needed relief (Doc. 19).

The United States is in the middle of a public health crisis; over 50,000 Americans have died from COVID-19, with hundreds of thousands more suffering from the virus. Although allowed to continue operating as essential businesses, slaughterhouses have become hot spots for COVID-19 outbreaks. At least three of Smithfield's plants have already been shut down as a result of workers contracting the virus, and Plaintiff Jane Doe has represented to the Court that at least eight workers at the Milan Plant have exhibited symptoms.

Given the concerning and time-sensitive nature of Plaintiffs' allegations, coupled with the fact that Smithfield's response to this Court will likely address the same information as its response to OSHA, this Court finds that a week-long extension unnecessarily delays this action. On the other hand, the Court recognizes that Smithfield may require more time to investigate and respond to Plaintiffs' serious allegations. Accordingly, the Court extends Smithfield's deadline

for filing a response to Plaintiffs' motion for a TRO and/or preliminary injunction until 12:00 p.m. on April 29, 2020.[1] No further extensions will be granted.

A hearing on Plaintiffs' motion will be held the next day, April 30, via videoconference. The Court will set the time of the hearing by future order. In the meantime, the Court orders that Smithfield comply and "follow all OSHA requirements and all guidance from CDC and other public authorities," as it represented to this Court it is doing (Doc. 15).[2]

**IT IS SO ORDERED.**

Date:  April 26, 2020                              /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT

---

[1] This will also give Plaintiffs an opportunity to respond to Smithfield's motion to dismiss and/or stay, which Smithfield has indicated will be filed tomorrow, April 27.

[2] United States Department of Labor Occupational Safety and Health Administration, Guidance on Preparing Workplaces on COVID-19, (last accessed Apr. 26, 2020), https://www.osha.gov/Publications/OSHA3990.pdf.; Centers for Disease Control and Prevention, Interim Guidance for Businesses and Employers to Plan and Respond to Coronavirus Disease 2019 (COVID-19), (last accessed Apr. 26, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/guidance-business-response.html; Centers for Disease Control and Prevention, Interim Guidance for Implementing Safety Practices for Critical Infrastructure Workers Who May Have Had Exposure to a Person with Suspected or Confirmed COVID-19 (last accessed Apr. 26, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/critical-workers/implementing-safety-practices.html; Missouri Department of Health and Senior Services, Stay at Home Order, (last accessed Apr. 26, 2020), https://governor.mo.gov/priorities/stay-home-order; U.S. Department of Homeland Security, Cybersecurity & Infrastructure Security Agency, Guidance on the Essential Critical Infrastructure Workforce (last accessed Apr. 26, 2020), https://www.cisa.gov/sites/default/files/publications/Version_3.0_CISA_Guidance_on_Essential_Critical_Infrastructure_Workers_3.pdf.