IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS CORP.,<br>　　　　　　Defendants. | C. A. No. 5:20-cv-06063-DGK |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
### EMERGENCY MOTION TO DISMISS

Yesterday, April 28, 2020, President Trump issued an executive order under the Defense Production Act delegating to the Secretary of Agriculture all authority to ensure that meat processors "continue operations consistent with the guidance for their operations jointly issued by the CDC and OSHA." *See* **Exhibit A**. Pursuant to that order, this case should be immediately dismissed.

The order gives primary jurisdiction over Smithfield's current operations to the Secretary of Agriculture, and any injunction issued by this Court would undermine that jurisdiction. The order requires the Secretary of Agriculture to consult with executive departments and agencies to balance, on the one hand, the importance of the nation's meat supply and, on the other, compliance with "the guidance for the operations of meat and poultry processing facilities jointly issued by the CDC and OSHA." Ex. A at 3. By order of the President, the Court must defer to the Secretary of Agriculture.

In response to the executive order, the Solicitor of Labor and Principal Deputy Assistant Secretary for OSHA issued a joint statement recognizing that it is "vitally important" that meat processing plants comply with the Joint Meat Processing Guidance issued by the CDC and OSHA.

*See* **Exhibit B**. In addition, the joint statement made clear that, because President Trump invoked the Defense Production Act, state and local authorities may not direct a meat processing plant "to operate in accordance with procedures other than those provided for in [the] Guidance." *See id.* at 1-2. Plaintiffs' requested injunction would require "procedures other than those provided for in [the] Guidance" and would be unenforceable.

President Trump's executive order also expressly recognized the purpose behind the primary jurisdiction doctrine: to prevent inconsistent regulation. As President Trump noted, states' closure of meat processing plants "may differ from or be inconsistent with interim guidance recently issued by" the CDC and OSHA that "provid[e] for the safe operation of such facilities." Ex. A at 2. That is especially true here: this Court's determination may differ from a state determination, which in turn may differ from the Secretary of Agriculture's determination. The risk of such inconsistencies is "undermining critical infrastructure during the national emergency." *Id.* at 2. That is why President Trump delegated *all* authority to the Secretary of Agriculture.

No hearing is needed. As the President noted, any unnecessary impediments to meat processing by facilities like the Plant "can quickly have a large effect on the food supply chain." Ex. A at 2. For example, "closure of a single meat or poultry processing facility can severely disrupt the supply of protein to an entire grocery store chain." *Id.* While Plaintiffs here have not sought closure of the Plant at this time, they have certainly sought to inject uncertainty into the Plant's operations. Any such uncertainty could affect food supply chains. This case should be dealt with as quickly as possible.

Under the doctrine of primary jurisdiction outlined in Smithfield's Motion to Dismiss, this Court should dismiss this action in favor of the authority and expertise of the Secretary of Agriculture, without the need for a hearing.

-2-
Case 5:20-cv-06063-DGK   Document 36   Filed 04/29/20   Page 2 of 4

SMITHFIELD FOODS, INC. and
SMITHFIELD FRESH MEATS CORP.


By: */s/ Jean Paul Bradshaw II*
    Jean Paul Bradshaw II (#31800)
    Mara Cohara (#51051)
    **Lathrop GPM LLP**
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108
    Telephone: (816) 460-5507
    Facsimile: (816) 292-2001
    jeanpaul.bradshaw@lathropgpm.com
    mara.cohara@lathropgpm.com

    Alexandra B. Cunningham *(admitted PHV)*
    **Hunton Andrews Kurth LLP**
    Riverfront Plaza, East Tower
    951 East Byrd Street
    Richmond, Virginia 23219-4074
    Telephone: (804) 787-8087
    Facsimile: (804) 788-8218
    acunningham@HuntonAK.com

    Susan F. Wiltsie *(admitted PHV)*
    **Hunton Andrews Kurth LLP**
    2200 Pennsylvania Avenue, NW
    Washington, District of Columbia 20037
    Telephone: (202) 955-1500
    Facsimile: (202) 778-2201

    *Counsel for Defendants*

-3-
Case 5:20-cv-06063-DGK   Document 36   Filed 04/29/20   Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to the following counsel of record:

Gina Chiala (#59112)
**Heartland Center for Jobs and Freedom, Inc.**
4047 Central Street
Kansas City, MO 64111
Telephone: (816) 278-1092
Facsimile: (816) 278-5785
ginachiala@jobsandfreedom.org

David S. Muraskin *(admitted PHV)*
Karla Gilbride *(admitted PHV)*
Stevie K. Glaberson *(admitted PHV)*
**Public Justice**
1620 L. Street, NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
kgilbride@publicjustice.net
sglaberson@publicjustice.net

David Seligman *(admitted PHV)*
Juno Turner *(admitted PHV)*
**Towards Justice**
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org
juno@towardsjustice.org

*Counsel for Plaintiffs*

                                                  */s/ Jean Paul Bradshaw II*
                                                  An Attorney for Defendants