IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

RURAL COMMUNITY WORKERS ALLIANCE
and JANE DOE,
                  Plaintiffs,

vs.

SMITHFIELD FOODS, INC. and SMITHFIELD
FRESH MEATS CORP.,
                  Defendants.

C. A. No. 5:20-cv-06063-DGK

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO
ALLOW PLAINTIFF JANE DOE TO PROCEED UNDER PSEUDONYM**

The law does not support Plaintiff's conclusions that she should be allowed to proceed under a pseudonym, which should only occur in exceptional cases. Plaintiffs' motion should be denied

**I.    Plaintiff Jane Doe Does Not Have a Privacy Right that Warrants Protection.**

"[W]hen a plaintiff commences an action in federal court, he invites public scrutiny of the dispute and the proceeding." *In re Ashley Madison Customer Data Sec. Breach Litig., 2669*, 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (quotations omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *see also Doe v. Stegall,* 653 F.2d 180, 185 (5th Cir. 1981) (listing the same factors); *In re Ashley Madison*, 2016 WL 1366616, at *2 (identifying cases in which anonymity is allowed: "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading.").Plaintiff has not presented such an exceptional case.

Notably, Plaintiff has not squarely articulated what her "substantial privacy right" is that "outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *In re Ashley Madison*, 2016 WL 1366616, at *2. Plaintiff states she will experience "real and serious risks" if her identity is exposed, but identifies those risks as potentially "being singled out by supervisors for disciplinary action," or apparent fear of "losing her job." (Pl. Mot. p. 2). The law does not support that a privacy right exists to protect a plaintiff from these "potential" risks—quite the opposite. "That a plaintiff may suffer embarrassment or economic harm is not enough." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).

Some courts have allowed a plaintiff to proceed anonymously based on potential retaliation, but typically only when it concerns physical violence or significant mental harm. *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) ("some courts have suggested that a plaintiff should submit medical documentation to support the alleged harm they will suffer if they were not permitted to proceed anonymously"). Plaintiff inexplicably contends that due to the potential threats she faces, "[a]llowing Jane Doe to proceed anonymously in this case is the only way that a worker at the Plant will be able to assert his or her rights under Missouri law." (Pl. Mot. p.3). This is not so. Plaintiff could also assert her claims after identifying herself as required by Fed. R. Civ. P. 10(a), and as countless other plaintiffs have done in employment law cases.

Plaintiff's retaliation allegations not only carry no legal weight, but they are also factually inaccurate. Smithfield has an "an employee and management safety committee" that addresses "safety improvement opportunities," and formally introduced "a program that rewards employees' safety improvement ideas." (Post-Hearing Supplemental Brief, Ex. B ¶ 12). Similarly, Smithfield has a "no-retaliation mandate, [which] is included in numerous written

2

policies, including [its] safety policies." (*Id.*) If Smithfield employees feel threatened or harassed, they specifically have the opportunity to contact the "Company's headquarters through [its] hotline." (*Id.*) Smithfield is not aware of anyone "from the Milan plant [who] has called the Company's hotline to report such complaints since the hotline was created five years ago." (*Id.*)

"[T]he reasonableness of the anonymous party's fears" related to the "severity of the threatened harm" are key considerations when weighing the threat of retaliation. *Does I thru XXIII v. Adv. Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). Neither favor Plaintiff here. Smithfield has taken multiple steps to ensure employee safety and limit retaliation.

## II. Plaintiffs' Cases Are Not on Point.

Despite the strong presumption against letting a plaintiff proceed anonymously, courts will be more inclined to do so when the matter involves an extreme level of intimacy. For example, Plaintiffs improperly argue that *Jane Roes 1-2 v. SFBSC Mgt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015), is analogous. There, the court allowed the plaintiff to proceed anonymously because of her employment as an exotic, nude dancer, and reasoned that it was a "compelling situation[] involv[ing] matters which are highly sensitive," and that it was a "matter of . . . highly personal nature." *Id.* at 993, 994; *see also Roe v. St. Louis U.*, 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo. Apr. 2, 2009) (allowing rape victim to proceed anonymously); *W.G.A. v. Priority Pharm., Inc.*, 184 F.R.D. 616, 618 (E.D. Mo. 1999) (allowing plaintiff that tested positive for HIV to remain anonymous); *John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Or. 2008) (plaintiff alleging that he was sexually abused as minor allowed to proceed anonymously); *Doe*, 654 F.3d at 408 ("Examples of areas where courts have allowed pseudonyms include cases involving abortion, birth control, transexuality, mental

3

illness, welfare rights of illegitimate children, AIDS, and homosexuality" (quotations omitted)). Nothing intimate is involved in this action.

In both *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973), and *Adv. Textile,* the plaintiffs were "nonresident foreign workers." *Adv. Textile*, 214 F.32 at 1072. While anonymity in those cases was granted to employees suing their employer, employers in those cases "apparently also ha[d] the power to have foreign workers deported almost instantly." *Id.* The risk for those plaintiffs was enormous and involved much more than strictly an economic harm, including physical deportation, potential physical confinement and removal, and separation from families. Here, there is no such risk for Plaintiff, and her potential fears do not come close to those presented in the cases cited.

**III.     The Public Has an Interest in the Proceedings.**

Plaintiff Jane Doe has taken a public stance in the proceedings by voicing her opinion in the national media and discussing the case with the Washington Post. Plaintiff, however, disregards that "the public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation." *In re Ashley Madison*, 2016 WL 1366616, at *4. Indeed, Plaintiff claims to be bringing this action "to adjust [Smithfield's] practices across the entire Plant for the benefit of workers and for the benefit of the public generally." (Pl. Mot. pp. 3-4).

While not officially representing a class of individuals, Plaintiff asserts she is bringing the suit "for the benefit of the public." (Pl. Mot. p. 4). The situation is similar to that in *Ashley Madison*. There, lead plaintiffs in a class action filed suit anonymously, but the Court denied their motion to proceed under a pseudonym. *In re Ashley Madison*, 2016 WL 1366616, at *5. The Court reasoned, "there is a compelling public interest in open court proceedings, particularly

4

. . . where a plaintiff seeks to represent a class of consumers who have . . . a heightened interest in knowing who purports to represent their interests in the litigation." *Id.* at *4.

Plaintiff's admissions concede that the public has a heightened interest in this case, and therefore the public has a heightened interest in knowing who brings it. Regardless that Plaintiff does not have a privacy right that warrants protection, this factor in particular weighs heavily against Plaintiff.

### IV. Smithfield Is Prejudiced by Plaintiff's Anonymity.

To the extent this case is permitted to go forward, Smithfield needs to be able to defend itself, challenge the allegations, and conduct discovery—all of which is impeded when plaintiff proceeds under a pseudonym. For example, has Plaintiff, or a family member or close friend, had been repeatedly disciplined, and Plaintiff therefore had an ulterior motive to bring the suit against the company, or has Plaintiff made public or private statements that were inconsistent with the position now being taken? In addition, Smithfield does not know Plaintiff's job or whether Plaintiff possesses the factual foundation to support the observations claimed in the affidavit. The veracity of Plaintiff's statements is impossible to judge when Smithfield does not know who she is.

Plaintiff incorrectly argues that her allegations are not individualized and cites to *Adv. Textile*, 214 F.3d at 1072, to support that proposition. However, the Court in *Adv. Textile* states specifically that "it may be necessary to reveal plaintiffs' identities to defendants so that defendants may refute individualized accusations of FLSA violations." *Id.*

The affidavits Plaintiff has already submitted are full of individualized accusations. For example, in her first affidavit, she alleges, "I am afraid for my health and safety" (Doe Aff. ¶ 4); "I have seen members of the sanitation crew . . . without masks on" (*Id.* ¶ 6); "From where I

5

stand on the cut floor, I can see many workers standing shoulder-to-shoulder" (*Id.* ¶ 7); "we barely have time to get off and back on the line" (*Id.* ¶ 9); "The image below is a poster that I have seen in the Plant" (*Id.* ¶ 18); "Moreover, I believe that many workers are afraid" (*Id.* ¶ 19); and "I am more fearful of the risks Smithfield is creating for me" (*Id.* ¶ 24).

The prejudice Smithfield will incur if Plaintiff is allowed to continue anonymously is apparent. These allegations are specific and individualized to Plaintiff. Smithfield has a constitutional right to know its accuser. *See In re Ashley Madison*, 2016 WL 1366616, at *4. This is a bedrock principal in our judicial system.

## V. Conclusion.

Plaintiff Jane Doe fails to demonstrate why she should be allowed to proceed anonymously. This case does not involve issues of intimacy, threats of violence, physical or criminal detainment, actions against the government, or privacy rights. Instead, the case has been identified as one of public importance by Plaintiff herself as she makes consistent individualized accusations against Smithfield both in this case and in the national press. Allowing Plaintiff to proceed under a pseudonym hinders Smithfield's ability to defend itself and infringes on the public's First Amendment rights. Plaintiffs' motion to proceed under a pseudonym should be denied.

**SMITHFIELD FOODS, INC. and**
**SMITHFIELD FRESH MEATS CORP.**

By : */s/ Jean Paul Bradshaw II*
    Jean Paul Bradshaw II (#31800)
    Mara Cohara (#51051)
    **Lathrop GPM LLP**
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108
    Telephone: (816) 460-5507
    jeanpaul.bradshaw@lathropgpm.com
    mara.cohara@lathropgpm.com

Alexandra B. Cunningham *(admitted PHV)*
**Hunton Andrews Kurth LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 787-8087
Facsimile: (804) 788-8218
acunningham@HuntonAK.com

Susan F. Wiltsie *(admitted PHV)*
**Hunton Andrews Kurth LLP**
2200 Pennsylvania Avenue, NW
Washington, District of Columbia 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to the following counsel of record:

Gina Chiala (#59112)
**Heartland Center for Jobs and Freedom, Inc.**
4047 Central Street
Kansas City, MO 64111
Telephone: (816) 278-1092
Facsimile: (816) 278-5785
ginachiala@jobsandfreedom.org

David S. Muraskin *(admitted PHV)*
Karla Gilbride *(admitted PHV)*
Stevie K. Glaberson *(admitted PHV)*
**Public Justice**
1620 L. Street, NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
kgilbride@publicjustice.net
sglaberson@publicjustice.net

David Seligman *(admitted PHV)*
Juno Turner *(admitted PHV)*
**Towards Justice**
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org
juno@towardsjustice.org

*Counsel for Plaintiffs*

                                               */s/ Jean Paul Bradshaw II*
                                               An Attorney for Defendants