IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE;<br><br>  *Plaintiffs*,<br>v.<br><br>SMITHFIELD FOODS, INC. AND SMITHFIELD FRESH MEATS CORP.,<br><br>  *Defendants*. | Case No. 5:20-cv-06063-DGK |

## **PLAINTIFFS' MOTION TO RECONSIDER AND SUGGESTIONS IN SUPPORT**

When this case was last before the Court, there had not yet been any documented spread of the virus that causes COVID-19 at the Smithfield Plant in Milan, Missouri. Sadly, that is no longer the case. In the weeks since the Court's order, there has been substantial, documented spread at the Plant and into the broader community. Furthermore, while Plaintiffs have filed an OSHA imminent danger complaint, as recommended by this Court, OSHA's recent statements make it unclear whether the agency *can* protect these workers and the broader community. Therefore, Plaintiffs respectfully request this Court reconsider its order of dismissal, Dkt. No. 51, and instead reopen this case and stay it to allow for the possibility of further proceedings. Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

This Court's dismissal rested on its conclusions that: (a) "given the significant measures Smithfield is now taking to protect its essential workers from COVID-19 and the fact that there are no confirmed cases of COVID-19 currently at the Plant, the Court cannot conclude that the spread of COVID-19 at the Plant is inevitable," Dkt. No. 51, at 20; and (b) although "there may be some delay" in relief, in light of the risks the Court believed Plaintiffs faced, it should defer to

OSHA under the primary jurisdiction doctrine to determine what "occupational safety and health standards" should be enforced, *id.* at 16-17.

While Plaintiffs disagree with the Court's decision, their motion to reconsider is narrow. In light of the recent developments described herein, Plaintiffs merely ask this Court to reopen this case and stay it so that Plaintiffs can quickly seek relief should facts develop that demonstrate OSHA's remedial scheme is inadequate. If Plaintiffs have not returned in 90 days, the parties can submit briefing on whether a further stay is warranted in light of the pandemic, conditions at the Plant, and OSHA's actions, or lack thereof. Such a result is both fair and in the interests of judicial efficiency.

Under the primary jurisdiction doctrine, a court should only dismiss a case if the "parties would not be unfairly disadvantaged." *Reiter v. Cooper*, 507 U.S. 258, 268-69 (1993). Otherwise it should stay the action. *Id.* Courts in this district have provided much more substantial stays than the 90 days sought by Plaintiffs here, in cases concerning much less significant risks. *See Asarco, LLC v. NL Indus., Inc.,* No. 11-00138-CV-SW-BP, 2013 WL 12177089, at *6 (W.D. Mo. Mar. 18, 2013) (providing indefinite stay of environmental claims under the primary jurisdiction doctrine); *Sprint Spectrum L.P. v. AT&T Corp.,* 168 F. Supp. 2d 1095, 1102 (W.D. Mo. 2001) (providing 10-month stay in dispute about the use of the wireless communications network).

It is now established that every day of delay in bringing Smithfield's Milan Plant into compliance with workplace health and safety standards exposes workers to deadly infection. At the time of this Court's decision, there was only one positive case of COVID-19 in Sullivan County (where the Plant is located). Dkt. No. 48, at 1. Less than a week later, COVID-19 testing began at the plant. Almost immediately, Smithfield determined that between 20 and 30 workers

2

needed to be quarantined because of their contacts with infected individuals in the workplace.[1] By the beginning of the next week, neighboring Adair County, where many workers live, documented a "surge in cases," with many of those cases linked to the Smithfield Plant.[2] Just days later, Adair County had the "highest percentage increase" of COVID-19 cases of "any county in the state."[3] Thus, it appears, while Smithfield was contesting Plaintiffs' allegations, the virus was already spreading at its Milan Plant. What Plaintiffs' expert Dr. Melissa Perry stated was inevitable, Dkt. No. 35-2 ¶ 10, has come to fruition.

At the same time, it remains to be seen whether OSHA will be able to protect the Smithfield workers. Although OSHA has increased its enforcement activities since this Court's decision, its interpretation of its enforcement authority remains unclear. OSHA recently revised its policy that it would largely limit inspections during the pandemic to health-related facilities, to state it will now inspect a broader array of workplaces, including meatpacking plants. OSHA,

---

[1] John Garlock, *Large-scale COVID-19 testing underway at Smithfield plant in Milan*, KTVO (May 13, 2020), https://ktvo.com/news/local/covid-19-testing-underway-at-smithfield-plant-in-milan; *see also* KTVO News Desk, *COVID-19 testing at Smithfield in Milan reveals 11 more positive cases* (May 15, 2020), https://ktvo.com/news/local/covid-19-testing-at-smithfield-in-milan-reveals-11-more-positive-cases (stating that neither the health department nor Smithfield would disclose how many of the 36 positive cases were of Plant employees).

[2] AJ Capuano, *COVID-19: Kraft Heinz workers positive for virus, cases in Adair Co. linked to Smithfield*, KTVO (May 18, 2020), https://ktvo.com/news/local/covid-19-kraft-heinz-workers-sent-home-with-covid-19-smithfield-closing (noting that the City Manager at one point indicated so many cases were tied to Smithfield the Manager believed the Plant would need to close, although not providing the number of cases tied to the Plant, and the Plant remained open following that statement); *see also* Austin Miller, *Adair with 22 COVID cases, Sullivan up to 35*, Kirksville Daily (May 15, 2020), https://www.kirksvilledailyexpress.com/news/20200515/adair-with-22-covid-cases-sullivan-up-to-35 (describing "spike" in COVID-19 cases following testing at the Smithfield Plant).

[3] Austin Miller, *Adair County's COVID numbers continue to rise*, Kirksville Daily (May 21, 2020), https://www.kirksvilledailyexpress.com/news/20200521/adair-countys-covid-numbers-continue-to-rise.

3

*Updated Interim Enforcement Response Plan for Coronavirus Disease 2019* (May 19, 2020) ("May 19 Memo").[4] Consistent with this, Plaintiff Rural Community Workers Alliance's imminent danger complaint led to an OSHA inspection of the Milan Plant.[5] But OSHA has been non-committal regarding what standards it can enforce against meatpackers. The May 19 Memo allows that breaches of "CDC guidance" may *not* constitute a "recognized hazard" that OSHA can correct. *Id.* It is also dubious that OSHA could *ever* act to protect the public outside of the workplace, which was the basis for Plaintiffs' public nuisance claim. *Steel Inst. of N.Y. v. City of New York*, 716 F.3d 31, 33 (2d Cir. 2013). If it is determined that OSHA has no authority to act, then even the mandamus action against the agency the Court recommended in its dismissal order, *see* 29 U.S.C. § 662(d), could not be used to obtain the essential and urgent relief they sought in this suit.

For these reasons, this Court should revisit its decision and stay, rather than dismiss, the case. Any unnecessary delay in Smithfield fully protecting its Milan Plant workers places Plaintiffs at an unfair disadvantage. It is beyond dispute that the continued operation of the Plant has contributed to the spread of the virus. At the same time, while Plaintiffs are attempting to work through OSHA as the Court recommended, whether the agency can provide them redress—even if they employ the 29 U.S.C. § 662(d) right of action—is uncertain. Thus, this Court should provide Plaintiffs a mechanism to quickly return and enforce their common-law rights. Dismissing the case would require Plaintiffs to draft a new complaint, that Smithfield would almost certainly seek to dismiss, a motion to which Plaintiffs would have to respond. Staying the

---

[4] https://www.osha.gov/memos/2020-05-19/updated-interim-enforcement-response-plan-coronavirus-disease-2019-covid-19.

[5] Plaintiffs understand OSHA plans to take addition steps related to its inspection and no enforcement action has yet been brought against the Plant.

4

case would allow Plaintiffs to immediately return to this Court by filing a new request for relief, which could build upon the existing record and this Court's familiarity with it. *See Microchip Tech., Inc. v. Motorola, Inc.*, No. CIV.A. 01-264-JJF, 2002 WL 32332753, at *3 (D. Del. May 28, 2002) (explaining "efficienc[y]" is a core consideration in whether to stay an action). Plaintiffs should be provided such an opportunity to update the Court if their OSHA complaint, or a related mandamus petition, proves unavailing, and renew their request to enforce their common-law rights to keep themselves and their community safe.

Thus, Plaintiffs respectfully request that this Court reconsider its prior dismissal order, stay the case for 90-days, and order the parties to submit additional filings at that time.

June 2, 2020                                      Respectfully Submitted,

By: /s/ David S. Muraskin
David S. Muraskin (*pro hac vice*)
Karla Gilbride (*pro hac vice*)
Stephanie K. Glaberson (*pro hac vice*)
Public Justice
1620 L. St, NW, Suite 630
Washington, DC 20036
Telephone:   (202) 797-8600
Facsimile:   (202) 232-7203
Email: dmuraskin@publicjustice.net
Email: kgilbride@publicjustice.net
Email: sglaberson@publijustice.net

Gina Chiala            #59112
Heartland Center
for Jobs and Freedom, Inc.
4047 Central Street
Kansas City, MO 64111
Telephone:   (816) 278-1092
Facsimile:   (816) 278-5785
Email: ginachiala@jobsandfreedom.org

David Seligman (*pro hac vice*)
Juno Turner (*pro hac vice*)
Towards Justice
1410 High Street, Suite 300
Denver, CO 80218
Telephone:   (720) 441-2236
Facsimile:   (303) 957-2289
Email: david@towardsjustice.org
Email: juno@towardsjustice.org
***Attorneys for Plaintiffs***