**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE,<br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS CORP.,<br>Defendants. | C. A. No. 5:20 cv 06063-DGK |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I. PRELIMINARY STATEMENT

On May 5, 2020, the Court dismissed this case in favor of OSHA's primary jurisdiction and alternatively held that Plaintiffs were not entitled to injunctive relief. Since that time, OSHA has been exercising its special competence to ensure worker safety at the Plant. Plaintiffs filed an OSHA imminent danger complaint, and OSHA conducted an on-site inspection of the Plant and requested additional information, to which Smithfield has responded. OSHA's investigation is continuing. Ultimately, OSHA will make a determination of whether the Plant's COVID-19 response is sufficient to protect its workers, and if not, how to best bring the Plant into compliance, while at the same time, balancing the Nation's interest in maintaining its food supply.

The Court has already held that OSHA is better positioned to make these determinations, concluding "this determination goes to the heart of OSHA's special competence" and that deference to "OSHA/USDA will ensure uniform national enforcement of the Joint Guidance." Order at 16. As Chief Justice Roberts recently observed in his concurrence in *South Bay United Pentecostal Church v. Newsom*, 590 U.S. __ (May 29, 2020), officials making health and safety decisions in a global pandemic "should not be subject to second-guessing by an 'unelected

federal judiciary,' which lacks the background, competence and expertise to assess public health and is not accountable to the people." *Id.* (citing *Garcia v. San Antonio Met. Trans. Auth.*, 469 U.S. 528, 545 (1985)).

Notwithstanding the above, Plaintiffs contend that the Court should have stayed the case, rather than dismissing it, because Plaintiffs may need to return to Court to seek further relief. Plaintiffs do not seek reconsideration on the merits of primary jurisdiction or on the Court's denial of their request for injunctive relief. Nor have they noted any appeal. Rather, Plaintiffs' self-described "narrow" request is to have this case remain in purgatory on the Court's docket (and in the news) for ninety days or more "to allow for the *possibility* of further proceedings." Motion at 1 (emphasis added). Plaintiffs' Motion for Reconsideration should be denied.

## II. DISCUSSION

Plaintiffs' motion makes a fleeting reference to two potential grounds for reconsideration, Rule 59(e) and Rule 60(b). Under either Rule, Plaintiffs fail to establish the "extraordinary circumstances" warranting such relief. *Combs v. Cordish Companies, Inc.*, No. 14-0227-CV-W-ODS, 2015 WL 5096174, at *6 (W.D. Mo. Aug. 28, 2015).

### A. The Court's Decision to Dismiss, Rather than Stay, Was Correct.

Plaintiffs do not challenge the application of the primary jurisdiction doctrine. Their only argument is that the Court should have stayed the matter, instead of dismissing it, so that Plaintiffs can "quickly seek relief should facts develop that demonstrate OSHA's remedial scheme is inadequate." Motion at 2. Not so.

As a preliminary matter, Plaintiffs' argument that a stay is necessary so that they can seek "immediate relief" is belied by the record in this case. Plaintiffs filed their Complaint and Motion for Preliminary Injunction on April 23, 2020, and a hearing was held just one week later, on April 30, 2020. Thus, this Court is fully prepared to provide "immediate relief" on a newly

filed Complaint if it is warranted. Moreover, the fact that Plaintiffs did not immediately appeal the Court's decision, and that they now seek a stay of ninety days where the case will simply remain in limbo, significantly undermines any claim for a future temporary restraining order or preliminary injunction.

In any event, the Court properly dismissed this action based on the primary jurisdiction doctrine. The Court had discretion to dismiss or stay, *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 913 (8th Cir. 2015), and the Court's decision to dismiss was the correct one.

Plaintiffs' request for a stay should be denied for multiple reasons. As discussed below, if Plaintiffs have a complaint about how OSHA ultimately resolves this matter, they will file an action against OSHA, not return to this proceeding to seek injunctive relief against Smithfield. A stay here would serve no purpose. Moreover, even if Plaintiffs could assert a viable claim against Smithfield in the future, they would have to amend their complaint and assert a new request for relief to do so. Under these circumstances, Plaintiffs suffer no "unfair disadvantage" in dismissal, and there is no reason for this case to remain on the Court's docket.

**1. Plaintiffs' Recourse is Against OSHA—Not Smithfield.**

Plaintiffs argue that the Court should stay this matter, so that if they are not satisfied with OSHA's enforcement activity, they can return to the Court and seek relief against Smithfield. This argument completely misses the mark.

The agency proceeding to which this Court deferred is between OSHA and Smithfield, with input from third parties like Plaintiffs. *See* 29 U.S.C. § 658(a). If OSHA does what Plaintiffs want, it will resolve the claims in this case—which seek injunctive relief. *See Chlorine Inst.,* 792 F.3d at 913 (holding that dismissal is appropriate where agency resolution will likely dispose of the entire case). If it does not, Plaintiffs' remedy is not a return to this case. Their remedy is to file a writ of mandamus against the Secretary of Labor for "arbitrarily or

capriciously fail[ing] to seek relief" against Smithfield. *See* 29 U.S.C. § 662(d). That action will request new relief (mandamus) against a new defendant (OSHA). Staying this case would be futile.

Contrast that with the typical primary jurisdiction case, where a court defers to an administrative agency as the first step in determining a controversy between two parties. *Reiter v. Cooper*, 507 U.S. 258, 260, 113 S. Ct. 1213, 1216, 122 L. Ed. 2d 604 (1993) (allowing Interstate Commerce Commission to determine a common carrier's suit against a shipper for unreasonable tariff rates); *DeBruce Grain, Inc. v. Union Pac. R. Co.*, 149 F.3d 787, 788 (8th Cir. 1998) (allowing Surface Transportation Board to determine claims for excessive charges); *Access Telecommunications v. Sw. Bell Tel. Co.*, 137 F.3d 605, 607 (8th Cir. 1998) (allowing Federal Communications Commission to decide claim for overcharges). After the agency performs its role, and assuming a favorable result for the plaintiff, the case returns to the district court to determine the plaintiff's claim for damages based on the agency's ruling. *DeBruce Grain, Inc.*, 149 F.3d at 790. Even there, the district court's discretion to dismiss instead of stay has been affirmed. But, here, the basis for dismissal is even stronger because this Court will have no further role.[1]

**2. Plaintiffs Cannot Return to Court to Enforce the Joint Guidance.**

Alternatively, Plaintiffs seem to suggest that a stay is warranted so they may return to Court to obtain injunctive relief to enforce the *Meat and Poultry Processing Workers and Employers – Interim Guidance* issued by OSHA and the CDC (the "Joint Guidance") and/or to impose obligations on Smithfield that are different from or in excess of the Joint Guidance. Any

[1] Plaintiffs also cite *Asarco, LLC v. NL Indus. Inc.,* 2013 WL 12177089 (W.D. Mo. Mar. 18, 2013) and *Microchip Tec., Inc. v. Motorola Inc.,* 2002 WL 32332753 (D. Del. May 28, 2002), as providing support for their request for a stay. However, there was no motion to dismiss filed in those cases. The defendant's request for relief was for a stay *only*.

such claim for injunctive relief is preempted by the President's Executive Order dated April 28, 2020, and related statements issued by the Secretary of Agriculture. It would be improper to stay the current action to support a future claim by Plaintiffs that is plainly preempted by federal law. Smithfield incorporates by reference its arguments regarding preemption contained in its Post-Hearing Supplemental Brief (ECF #46).

### 3. Even if Plaintiffs Had A Viable Claim, They Would Still Have To Amend Their Complaint and Request for Relief.

Even if Plaintiffs could present a viable claim against Smithfield at the conclusion of the OSHA investigation, Plaintiffs would still have to amend their complaint to do so. Thus, Plaintiffs will suffer no "unfair disadvantage" from a dismissal.

Plaintiffs' Complaint, which was filed on April 23, 2020, has been superseded by later events. First, the facts on the ground have changed; federal officials have issued the Joint Guidance and the Executive Order, Smithfield has implemented substantial work place safety measures, and OSHA continues to investigate. Second, the litigation has changed; the Court has ruled against Plaintiffs on the merits of their public nuisance and safe-place-to-work claims because Smithfield has undertaken substantial remedial measures. Order at 21-22. The Court also held that the injunctive relief requested by Plaintiffs lacked the necessary specificity to be enforceable, and that Plaintiffs had failed to meet "their burden of proving that the extraordinary remedy of an affirmative injunction is justified." Order at 2, 23-24. Plaintiffs have not challenged any of these rulings. Thus, whether this case is dismissed or stayed, Plaintiffs will have to file a new complaint to assert any claims against Smithfield or to request any relief.[2]

[2] The current pleadings are also deficient because Jane Doe has sued under a pseudonym. The Court permitted the pseudonym for the limited proceedings leading up to the dismissal. However, the Court "reserve[d] judgment" as to whether Jane Doe could continue under a pseudonym "should this case proceed to further stages of litigation." Order at 1, n.1.

Moreover, it would be improper for the Court to retain the case on its docket given the current procedural posture. A court should not stay an action to wait and see if a viable claim materializes. *See Barak v. Zeff*, 289 F. App'x 907, 915–16 (6th Cir. 2008) (holding that granting a stay instead of dismissal would establish a "perverse incentive" to file unwarranted lawsuits); *Diaz Group, Inc. v. Westfield Ins. Co.*, 2020 WL 2735332 (May 6, 2020 M.D. Fla.) (where claim is premature and dependent on future events, it should be dismissed, rather than stayed). This Court was correct to dismiss.

#### 4. Plaintiffs' Vague Arguments about *Potential* Inadequacies in the OSHA Remedial Scheme Are Insufficient.

Plaintiffs argue that this Court should reverse its dismissal because OSHA recourse may be inadequate. They contend that "OSHA has been non-committal regarding what standards it can enforce against meatpackers," and they claim that OSHA has said "that breaches of 'CDC guidance' may *not* constitute a 'recognized hazard' that OSHA can correct." Motion at 4 (emphasis in original) (citing *Updated Interim Enforcement Response Plan for Coronavirus Disease 2019* (May 19, 2020)). Plaintiffs do not provide any actual support for this assertion, but they appear to be relying on language on page six of the Interim Plan that references "use of CDC recommendations." Plaintiffs take this language completely out of context as it makes no reference to meatpacking plants, nor is it discussing the Joint Guidance issued by OSHA and the CDC.[3]

Plaintiffs also argue that the OSH Act "does not protect the general public, but applies only to employers and employees in workplaces," thus concluding that it is "dubious" that

[3] The fact that OSHA has not issued any COVID-19 specific standards does not mean OSHA is without regulatory authority. The D.C. Circuit Court of Appeals recently denied a writ of mandamus seeking to require OSHA to issue an emergency temporary standard ("ETS") for COVID-19. The Court held that OSHA had "reasonably determined that an ETS is not necessary" citing the existing "regulatory tools that OSHA has at its disposal to ensure that employers are maintaining hazard-free work environments." *In re AFL-CIO*, No. 20-1158 (Order issued June 11, 2020).

OSHA will take any action that protects the general public. Motion at 4 (citing *Steel Inst. of New York v. City of New York*, 716 F.3d 31, 33 (2d Cir. 2013)). But that argument is a red herring. Plaintiffs acknowledge that "OSHA has increased its enforcement activities since this Court's decision." Motion at 3. Here, Plaintiffs are plainly seeking to enforce workplace safety, and any incidental benefit on the public health does not take those workplace safety issues outside the realm of OSHA's jurisdiction.

Plaintiffs fail to identify anything in the OSHA remedial scheme that warrants this Court retaining jurisdiction over this matter.

**B. Positive COVID-19 Cases at the Plant Do Not Change This Analysis.**

Plaintiffs contend that the primary-jurisdiction dismissal rested on the Court's "conclusion[] . . . that there are no confirmed cases of COVID-19 currently at the Plant." Motion at 1. Plaintiffs are incorrect. Although the Court cited the lack of positive cases in discussing Plaintiffs' claim for injunctive relief, it did not do so in discussing primary jurisdiction and in dismissing the case.

In any event, the positive cases do not warrant the Court reconsidering its dismissal order and granting a stay rather than a dismissal. It has now been three months since the President declared a state of emergency and designated COVID-19 a pandemic. The disease has spread throughout the country.

The Court previously recognized that there is always a risk of exposure if employees continue to work. "[N]o one can guarantee health for essential workers—or even the general public—in the middle of this global pandemic." Order at 19. The Court further observed: "[N]o essential-business employer can completely eliminate the risk that COVID-19 will spread to its employees through the workplace. Thus it is important that employers make meaningful, good

faith attempts to reduce the risk. Here Smithfield has taken significant remedial steps in accordance with the Joint Guidance to protect its workers from COVID-19." Order at 20.

Since the Court's Order, Smithfield has engaged in widespread testing of its employees, and there have been positive diagnoses among Plant workers. OSHA and the local public health authorities are aware of these diagnoses, and Smithfield continues to work with these government agencies to take all reasonable steps to protect its workers. *See* Second Supplemental Declaration of Timmy D. Messman, attached as Exhibit A.

The Court has determined that primary jurisdiction applies, and Plaintiffs have not challenged that decision. These positive cases do not warrant the Court staying the action rather than dismissing it because OSHA remains the proper enforcement agency. Plaintiffs' Motion for Reconsideration should be denied.

## III. CONCLUSION

The Court's decision to dismiss rather than stay this action was correct. Indeed, based on the current procedural posture, a stay would be improper and serve no purpose. Accordingly, the Court should deny Plaintiffs' Motion for Reconsideration.

**SMITHFIELD FOODS, INC. and**
**SMITHFIELD FRESH MEATS CORP.**

By: */s/ Jean Paul Bradshaw II*

Jean Paul Bradshaw II (#31800)
Mara Cohara (#51051)
**Lathrop GPM LLP**
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone: (816) 460-5507
Facsimile: (816) 292-2001
jeanpaul.bradshaw@lathropgpm.com
mara.cohara@lathropgpm.com

Alexandra B. Cunningham *(admitted PHV)*
**Hunton Andrews Kurth LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 787-8087
Facsimile: (804) 788-8218
acunningham@HuntonAK.com

Susan F. Wiltsie *(admitted PHV)*
**Hunton Andrews Kurth LLP**
2200 Pennsylvania Avenue, NW
Washington, District of Columbia 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Counsel for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 16th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to the following counsel of record:

Gina Chiala
**Heartland Center for Jobs and Freedom, Inc.**
4047 Central Street
Kansas City, MO 64111
Telephone: (816) 278-1092
Facsimile: (816) 278-5785
ginachiala@jobsandfreedom.org

David S. Muraskin *(admitted PHV)*
Karla Gilbride *(admitted PHV)*
Stevie K. Glaberson *(admitted PHV)*
**Public Justice**
1620 L. Street, NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
kgilbride@publicjustice.net
sglaberson@publicjustice.net

David Seligman *(admitted PHV)*
Juno Turner *(admitted PHV)*
**Towards Justice**
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org
juno@towardsjustice.org

*Counsel for Plaintiffs*

*/s/ Jean Paul Bradshaw II*
An Attorney for Defendants