IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE,<br>Plaintiffs,<br><br>vs.<br><br>SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS CORP.,<br>Defendants. | Case No. 5:20-cv-06063-DGK |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO RECONSIDER

Plaintiffs' "supplemental authority" has no impact on the Court's decision here. Through inference and innuendo, Plaintiffs suggest that Smithfield might not cooperate with OSHA's investigation at the Milan Plant ("the Plant"). But, as outlined in Smithfield's Response to Plaintiffs' Motion for Reconsideration, Dkt. at 54, OSHA is conducting an active investigation of the Plant, Smithfield has cooperated with all of OSHA's requests, and Smithfield continues to develop new and improved policies and procedures to protect its workers. Plaintiffs do not have one iota of evidence that Smithfield is not cooperating with OSHA or that Smithfield is "flouting public health guidance."[1]

Smithfield's Motion to Quash an OSHA subpoena relating to its Sioux Falls Plant is irrelevant to the Court's decision in this case. *See* Exhibit A (Motion to Quash). Contrary to Plaintiffs' suggestion, Smithfield has not challenged OSHA's jurisdiction. Indeed, Smithfield has given OSHA documents and all of the employee interviews it has requested. *Id.* at 3. It was only when OSHA went outside of the normal processes—by requesting Smithfield documents from a

---
[1] Plaintiffs' Reply Brief, Dkt. 55, at 3. Plaintiffs' assertion that Smithfield's strategy is to engage in testing after the fact rather that address worker safety in the first instance is flatly contradicted by the record. *See id.*

separate state agency, without notice to Smithfield—that Smithfield asked for time to review the documents for confidential employee health information and competitive information. *Id.* at 2. Smithfield did not object to production of the documents; it simply asked for more time.

If anything, the Sioux Falls OSHA investigation buttresses this Court's determination that OSHA has primary jurisdiction over the enforcement of workplace safety, and that OSHA is more than willing to aggressively pursue its mission to protect workers during the COVID-19 pandemic. The fact that Smithfield has filed a motion in South Dakota to protect its employee health privacy and competitive information does not justify a stay here, particularly when Plaintiffs have not asked the Court to reconsider the merits of its decision. Plaintiffs' motion to reconsider should be denied.

## I. ARGUMENT

Plaintiffs' notice of supplemental authority is disingenuous. Smithfield has been entirely cooperative with OSHA's investigation in Sioux Falls, providing almost 10,000 documents and producing all requested witnesses. Ex. A at 3. Meanwhile, Smithfield has also been collaborating with the South Dakota Department of Health and the Center for Disease Control to study COVID-19 and its spread. *Id.* at 7. To facilitate that collaboration, the DOH and Smithfield have entered into an agreement to protect Smithfield employees' confidential health information. *Id.* at 4.

Without notice to Smithfield, OSHA subpoenaed documents that Smithfield had produced to the DOH, allowing only three days for a response. *Id.* at 5. The DOH alerted Smithfield to the subpoena and agreed to allow Smithfield to review the documents before production if OSHA agreed. *Id.* at 2. Smithfield immediately contacted OSHA to attempt to reach a resolution. That attempt was unsuccessful, so Smithfield filed a motion to quash. *See id.* at 5.

Smithfield's motion to quash has one aim: to allow Smithfield to review documents before production to ensure that they do not disclose confidential employee health or proprietary business

2

information. *Id.* at 2. If OSHA had requested the documents from Smithfield, as would usually have happened, Smithfield would be able to ensure that the documents did not disclose confidential information. If the DOH produces these documents directly to OSHA, on the other hand, Smithfield will have no way to ensure the information is protected unless it is allowed to review them first. Plaintiffs' effort to cast Smithfield's exercise of its rights under the law as a lack of cooperation with OSHA is a false narrative.

Smithfield does not seek "to prevent OSHA from obtaining information," as Plaintiffs claim. Supp. Auth. at 1. Quite the opposite: Smithfield tried to resolve this issue directly with OSHA before filing its motion to quash. As such, even if the Sioux Falls proceeding were relevant here, it would not support Plaintiffs' requested relief.

## II. CONCLUSION

Plaintiffs' motion for reconsideration challenges only the Court's remedy, not its reasoning. But, as set forth in Smithfield's Response, dismissal is the *only* proper remedy given OSHA's primary jurisdiction and Plaintiffs' failure in every respect to meet their burden for injunctive relief. Plaintiffs' motion for reconsideration should be denied.

**SMITHFIELD FOODS, INC. and
SMITHFIELD FRESH MEATS CORP.**

By: */s/Mara H. Cohara*
    Jean Paul Bradshaw II (#31800)
    Mara Cohara (#51051)
    **Lathrop GPM LLP**
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108
    Telephone: (816) 460-5507
    Facsimile: (816) 292-2001
    jeanpaul.bradshaw@lathropgpm.com
    mara.cohara@lathropgpm.com

3

Alexandra B. Cunningham *(admitted PHV)*
**Hunton Andrews Kurth LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 787-8087
Facsimile: (804) 788-8218
acunningham@HuntonAK.com

Susan F. Wiltsie *(admitted PHV)*
**Hunton Andrews Kurth LLP**
2200 Pennsylvania Avenue, NW
Washington, District of Columbia 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

*Counsel for Defendants*

4

# CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of the same to the following counsel of record:

Gina Chiala (#59112)
**Heartland Center for Jobs and Freedom, Inc.**
4047 Central Street
Kansas City, MO 64111
Telephone: (816) 278-1092
Facsimile: (816) 278-5785
ginachiala@jobsandfreedom.org

David S. Muraskin *(admitted PHV)*
Karla Gilbride *(admitted PHV)*
Stevie K. Glaberson *(admitted PHV)*
**Public Justice**
1620 L. Street, NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
kgilbride@publicjustice.net
sglaberson@publicjustice.net

David Seligman *(admitted PHV)*
Juno Turner *(admitted PHV)*
**Towards Justice**
1410 High Street, Suite 300
Denver, CO 80218
Telephone: (720) 441-2236
Facsimile: (303) 957-2289
david@towardsjustice.org
juno@towardsjustice.org

*Counsel for Plaintiffs*

                                                    /s/Mara H. Cohara
                                                    An Attorney for Defendants