IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| RURAL COMMUNITY WORKERS ALLIANCE and JANE DOE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 5:20-CV-06063-DGK ) |
| SMITHFIELD FOODS, INC. and SMITHFIELD FRESH MEATS CORP., | ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTION FOR RECONSIDERATION

This lawsuit arises from Plaintiffs' allegations that Defendants Smithfield Foods, Inc., and Smithfield Fresh Meats Corporation (collectively, "Smithfield") are inadequately protecting workers at a Milan, Missouri, meat-processing plant ("the Plant") during the coronavirus ("COVID-19") pandemic. On May 5, 2020, this Court dismissed this case, finding the Occupational Health and Safety Administration's ("OSHA") had primary jurisdiction over the issues (Doc. 51). Now before the Court is Plaintiffs' motion for reconsideration of the Court's decision dismissing—rather than staying—this case (Doc. 53). For the following reasons, the motion is DENIED.

Under Federal Rules of Civil Procedure 59(e) and 60(b), "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted). They are not to be used to "introduce new evidence that could have been adduced during pendency" of the motion at issue, and they are also not the appropriate place to "tender new legal theories for the first time." *Id.* Relief from a motion for reconsideration is an

extraordinary remedy and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005).

Here, Plaintiffs do not challenge this Court's determination that OSHA has primary jurisdiction over this matter. Rather, they argue that the Court improperly dismissed, rather than stayed, the action. A stay is necessary, they claim, because although OSHA has started an investigation into the Plant, Plaintiffs may need to seek immediate relief with this Court "should facts develop that demonstrate OSHA's remedial scheme is inadequate" (Doc. 53 at 2). They also contend that due to the rise in COVID-19 cases at the Plant, a stay is necessary to allow them to quickly return to this Court for relief if the need arises.

Plaintiff's argument that they may need to seek relief if OSHA's remedial scheme is inadequate misses the mark. OSHA is currently exercising its jurisdiction at the Plant; it has started its investigation into the Plant by conducting an on-site inspection, and Plaintiffs concede that OSHA "plans to take addition[al] steps related to its inspection." Pl. Br. at 4 n.5. OSHA's determinations in the middle of global pandemic "should not be subject to second-guessing by an 'unelected federal judiciary,' which lacks the background, competence and expertise to assess public health" and worker safety, *South Bay United Pentecostal Church v. Newsom*, 590 U.S. __ (May 29, 2020) (quoting *Garcia v. San Antonio Met. Trans. Auth.*, 469 U.S. 528, 545 (1985)).

Thus, for the reasons stated in this order and the Court's prior order deferring to OSHA's primary jurisdiction, the motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Date:   July 14, 2020          /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT